UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIME WARNER CABLE, INC., ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 2:13-cv-00478 <br><br> **COMPLAINT** <br> (Jury Trial Requested) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Patrick Pulliam, a qualified individual with a disability, who was adversely affected by such practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

PARTIES AND OTHER PERSONS

3. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration,

interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, defendant Time Warner Cable, Inc. ("TWC"), has continuously been and is now doing business in the Eastern District of Wisconsin, and has continuously had and does now have at least 15 employees.

5. At all relevant times, TWC has been an employer, and thus a covered entity, under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

6. At all relevant times, TWC has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times and with respect to the employment opportunities at issue in this action, Patrick Pulliam ("Pulliam") was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8). Pulliam was at all relevant times substantially limited as to the major life activities of walking, lower extremity mobility, and operation of the musculoskeletal system.

## STATEMENT OF CLAIMS

8 a. On March 8, 2011, more than 30 days prior to the filing of this lawsuit, Pulliam filed a Charge of Discrimination with EEOC alleging a violation of Title I of the ADA by TWC.

b. On about March 11, 2011, EEOC served a copy of that Charge on TWC.

c. After investigating the Charge, EEOC issued a Letter of Determination thereon to TWC on about May 30, 2012. That letter invited TWC to participate in the conciliation process. EEOC and TWC exchanged several conciliation proposals between June 27, 2012, and

August 22, 2012.

  d. On October 24, 2012, the EEOC sent to TWC a Notice of Conciliation Failure because EEOC was unable to obtain a conciliation agreement acceptable to it.

  e. All conditions precedent to the institution of this lawsuit have been fulfilled.

  9. a. In 2009, Patrick Pulliam worked for TWC as a cable tap auditor/ investigator in the Milwaukee area.

  b. In January 2009, Pulliam injured his right foot, ankle, and leg such that he became substantially limited in the major life activities of walking, lower extremity mobility, and operation of the musculoskeletal system.

  c. On about June 2, 2010, Pulliam's doctor authorized him to return to work on June 2, 2010, so long as he did no climbing. At the time he was qualified to perform the essential functions of his job, with or without an accommodation.

  d. Since about June 2, 2010, TWC has failed to provide Pulliam a reasonable accommodation that would allow him to return to work in violation of Sections 102(a) and 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A).

  10. On about July 9, 2010, TWC sent Pulliam a letter advising him that he would be terminated effective July 29, 2010. TWC terminated Pulliam because of his disabilities as to walking, lower extremity mobility, and operation of the musculoskeletal system, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(B).

  11. The effect of the practices complained of above has been to deprive Pulliam of equal employment opportunities and otherwise adversely affect his status as an employee because of his disabilities, in violation of Section 102 of the ADA, 42 U.S.C. § 12112.

  12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Pulliam.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining TWC and its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that violates Title I of the ADA;

B. Order TWC to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C. Order TWC to make Pulliam whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including provision to Pulliam of accommodations necessary to perform the essential functions of his job, and rightful-place reinstatement of Pulliam;

D. Order TWC to make Pulliam whole by providing compensation for past and future pecuniary losses;

E. Order TWC to make Pulliam whole by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, loss of enjoyment of life, and humiliation;

F. Order TWC to pay Pulliam punitive damages for its intentional, malicious, and/or reckless conduct, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

    Respectfully submitted,

    P. David Lopez
    General Counsel

    JAMES LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
    131 M Street, N.E.
    Washington, DC  20507

Dated: April 30, 2013    s/ *John C. Hendrickson*_____
    John C. Hendrickson
    Regional Attorney

Dated: April 30, 2013    s/ *Jean P. Kamp* _____
    Jean P. Kamp
    Associate Regional Attorney

Dated: April 30, 2013    s/ *Gordon Waldron* _____
    Gordon Waldron
    Senior Trial Attorney

    EEOC Chicago District Office
    500 West Madison Street - Suite 2000
    Chicago, IL 60661
    *Telephone*:   (312) 869-8123 (Waldron)
    *Fax*:         (312) 869-8124
    *E-mail*:  john.hendrickson@eeoc.gov
    *E-mail*:  jean.kamp@eeoc.gov
    *E-mail*:  gordon.waldron@eeoc.gov

Dated: April 30, 2013    *s/ Dennis R. McBride*_____
    Dennis R. McBride (WI Bar No. 1000430)
    Senior Trial Attorney

    EEOC Milwaukee Area Office

310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2292
*Telephone*: (414) 297-4188
*Fax*: (414) 297-3146
*E-mail*: dennis.mcbride@eeoc.gov