**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

    **Plaintiff,**

    **v.**                                          **Case No. 13-CV-478**

**TIME WARNER CABLE, INC.,**

    **Defendant.**

## PROTECTIVE ORDER

The parties filed a joint motion for a protective order on September 17, 2013. (Docket #14). The parties request that the Court enter such an order to protect documents and information the parties consider confidential including, but not limited to, income taxes, medical records, and personal, proprietary, financial, or trade secret information. The parties further submit that the protective order is needed to protect the privacy interests of current or former employees and to protect a party's competitive position or business operations.

Generally, pretrial discovery must occur in the public eye unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir.1999) (noting presumption of public access to discovery materials). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." But the Court must be satisfied that the parties have shown good cause for the order. This is so even where parties stipulate to a protective

order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists.").

In this case, the documents sought to be protected, such as income taxes and other financial records, medical records, and personnel information of employees, present privacy concerns which warrant confidentiality. As to trade secrets, although the parties could have made a better record to allow the court to independently determine whether the documents sought to be protected fall under this category, *see Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998), the court is satisfied that the parties will act in good faith in designating documents in this category. Accordingly, the Court finds good cause to grant the requested protective order. However, the Court adds two provisions. First, the Court adds paragraph 16 which limits the order to pretrial discovery. *See Citizens First Nat'l Bank of Princeton*. 178 F.3d at 945. Second, the Court adds paragraph 21, which allows members of the public to challenge the sealing of documents in this case. *See id.* at 946.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for a protective order (Docket #14) be and the same is hereby **GRANTED**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil L.R. 26(e), and the Court enters the following protective order:

### Definitions

1. The term "Confidential Information" shall mean documents and information designated by counsel in good faith which a party reasonably considers to be confidential, including, without limitation, the income taxes of Patrick Pulliam, medical records of Mr. Pulliam and other employees and former employees of defendant Time Warner Cable, Inc. ("TWC"), and personal,

proprietary, financial, or trade secret information, the disclosure of which would compromise the privacy interests of current or former employees and/or adversely affect a party's competitive position or business operations.

2. As used herein "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information.

**Confidentiality and Use**

3. Confidential Information shall be used only to prosecute or defend this action, shall be held in confidence by each qualified recipient to whom it is disclosed, and shall not be disclosed to any person who is not a "Qualified Recipient."

**Qualified Recipients**

4. "Qualified Recipients" shall include only the following:

   a. The attorneys of record for TWC and the plaintiff Equal Employment Opportunity Commission ("EEOC"), and clerks, paralegals, secretaries, and other support staff employed by TWC or the EEOC;

   b. In-house counsel for TWC, and clerks, paralegals, secretaries, and other support staff employed by TWC in its legal department, human resources department, and leave of absence department;

   c. Persons who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit;

   d. Deponents in preparation for and during the course of their depositions, if necessary for purposes of their deposition;

   e. The Court, in camera, as well as its staff and court reporters;

   f. Patrick Pulliam;

      g.      Duplicating services, and auxiliary services of like nature, routinely engaged by counsel; and

      h.      Others permitted by Order of this Court.

### Duties of the Parties' Counsel

5.      Counsel for each party shall carefully maintain all Confidential Information so as to preclude access by persons who are not qualified recipients.

6.      Counsel for each party shall provide notice of the terms of this Protective Order to persons to whom they disclose Confidential Information, and shall advise such persons that a breach of this Order may be punished or sanctioned as a contempt of the Court.

7.      All documents that a party seeks to have treated as Confidential Information, but as to which no sealing order has been entered, must be filed in a sealed envelope conspicuously marked "Request for Confidentiality Pending" together with a motion requesting an order to seal. The separate motion for sealing must be publicly filed and must generally identify the documents contained in the sealed envelope. The documents must be transmitted by the Clerk of Court in a sealed envelope to the Judge, together with the moving papers. If the motion is denied, the documents must be filed by the Clerk of Court in an open file, unless otherwise ordered by this Court. However, Subsections (e)(1)(F) and (G) of Local Rule 26 shall also apply according to their terms.

8.      To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court contain material designated as confidential, these papers, or any portion thereof, must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED."

9.      Any party filing material claimed to be confidential under Paragraph 8 must include with that filing either: (a) a motion to deal the material pursuant to this rule; or (b) an objection to

the designation of the material as confidential and a statement that the objection to the designation has been provided to the person claiming confidentiality. If such an objection is made, the person having designated the material as confidential may file a motion to seal under Local Rule 79(d)(7) within 21 days of the objection.

10. Inadvertent production of documents or information that are subject to work-product immunity, the attorney-client privilege, or other legal privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents or information, all copies thereof, and all notes or other work product reflecting the contents of such documents or information, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed documents or information shall be deleted from any litigation support or other database. In addition, if a receiving party receives materials that obviously appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity, and it is reasonably apparent that the materials were provided or made available through inadvertence, the receiving party must refrain from examining the materials any more than is essential to ascertain if the materials appear to be privileged, and shall immediately notify the producing party in writing that he or she possesses material that appears to be privileged or otherwise protected. No use shall be made of such documents or information during depositions or at trial, nor shall it be disclosed to anyone who was not given access to it before the request to return or destroy. In the event there is a dispute over whether the documents or information at issue are protected from disclosure by virtue of a privilege or immunity, all counsel shall undertake reasonable efforts to resolve the issue without court intervention within 10 days of such notice of inadvertent production. In the event of a motion to

- 5 -

compel production of the allegedly protected documents or information, the moving party may not assert as a ground for compelling production the fact or circumstances that the alleged privileged documents or information already have been produced.

### Copying of Confidential Information

11. Only attorneys of record on this case, or persons working under their supervision, may copy documents containing Confidential Information. Any person making copies of such information shall maintain the confidentiality of Confidential Information.

### Termination of this Action

12. The termination of this action shall not relieve the parties or persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information.

13. Within 30 days after the conclusion of this action (i.e., the expiration of any consent decree or by entry of a final judgment), inclusive of any appeals or petitions for review, each party may request the other party at the other party's option to return or destroy all previously furnished Confidential Information within 30 days of receipt of such request, a party that has received Confidential Information, shall return it or destroy it, except that the EEOC, to the extent authorized or required by law (such as the Federal Records Act, or regulations issued by the National Archives and Records Services), may retain such information for a longer time.

### Limitations of this Order

14. The parties hereto take no position as to the relevance or admissibility at trial of documents produced subject to this Protective Order. This Order does not resolve the admissibility or evidentiary foundation for such documents or waive any party's objections thereto.

15. This Order does not limit the right of any party to object to the scope of discovery in this case.

16. This Order is limited to pre-trial discovery.

## Designation of Confidential Information

17. Designation of Confidential Information produced shall be made by placing the following mark on the face of the document and each page so designated: "Confidential" or "Subject to Protective Order." The designation of any information as "Confidential" or "Subject to Protective Order" shall be made only after counsel for the producing party has made a good faith determination that the material being designated falls within the definition of Confidential Information as set forth in Paragraph 1 of this Order. TWC and EEOC shall use their best efforts to limit the number of documents and pages designated "Confidential."

18. A document mistakenly produced or disclosed without a "Confidential" designation may be subsequently designated by the party producing the document as "Confidential" by giving the other party written notice that such document should be designated as a "Confidential Document." Any good-faith disclosure of such materials prior to receipt of notice of the confidential designation shall not constitute a violation of this order.

19. If a question arising at a deposition calls for an answer containing Confidential Information, or if the question contains Confidential Information, counsel for the party with an interest in protecting such information shall, either during the deposition or within 30 days after the receipt of the transcript thereof, notify all counsel for the parties that the information provided in such answer or question is confidential and that the transcript or portion thereof reflecting such information shall be subject to the provisions of this Protective Order. The failure to designate deposition testimony as "Confidential," as a result of mistake or oversight, may be cured in accordance with Paragraph 17.

20. A party producing personnel information may redact or remove the following

information: unlisted addresses and telephone numbers, Social Security numbers, and marital status, criminal history, and credit information.

21. Any non-party may file a motion challenging a designation made by any party or non-party. The producing party shall have the burden of establishing that the dispute materials are entitled to confidential designation.

Dated at Milwaukee, Wisconsin this 18th day of September, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge